UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
LOUVINIA KING,

      Plaintiff,

 -against-            **COMPLAINT**

CITY OF NEW YORK, JEREMY DEMARCO,
GERARD SARDINA, and KHAMARAJ SINGH,

               **PLAINTIFF DEMANDS**
       Defendants.   **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

  Plaintiff Louvinia King, by her attorneys, Lumer & Neville, as and for her Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

  1. At all times hereinafter mentioned, plaintiff Louvinia King, an adult female, was a resident of Kings County, within the State of New York.

  2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

  3. At all times hereinafter mentioned, defendant Jeremy S. Demarco, shield number 1992, was a member of the NYPD and employed, retained, trained, and supervised by New York City. Demarco is sued herein in his official and individual capacities.

  4. At all times hereinafter mentioned, defendant Gerard Sardina, shield

4134, was a member of the NYPD and employed, retained, trained, and supervised by New York City.

5. At all times hereinafter mentioned, defendant Khamaraj Singh, shield number 3798, was a member of the NYPD and employed, retained, trained, and supervised by New York City. Singh is sued herein in his official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where plaintiff and defendant City of New York reside, and where the majority of actions complained of herein occurred.

8. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under state law.

9. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

10. That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

**RELEVANT FACTS**

11. At all relevant times herein, Louvinia King resided in a two-bedroom apartment 3A at 682 Rogers Avenue, in Kings County, New York (the "premises").

12. On January 31, 2013, at or between about 6:05 a.m., plaintiff was

lawfully present and asleep in her bedroom inside the premises when the defendants pushed in or otherwise loudly and forcibly broke in through the front door of the premises.

13. Plaintiff's adult son was asleep in the second bedroom of the premises when defendants' entered.

14. The defendants are believed to have been members of the Narcotics Bureau Brooklyn South ("NBBS") unit.

15. After the above-mentioned forced entry into the premises, the defendants seized, detained, and handcuffed the plaintiff.

16. The defendants were not invited into the premises nor was their entry consented to by the plaintiff, or any other individual authorized to so consent.

17. There were no exigent circumstances present that would permit defendants to enter the premises absent a warrant or invitation.

18. The defendants did not display a warrant to justify their entry into the premises.

19. The plaintiff, after being seized and arrested in her own home, was eventually placed in a police van and transported in handcuffs from her apartment to a local area NYPD station house, where she was further detained and processed.

20. Due to the defendants having placed her in handcuffs, plaintiff suffered significant and traumatic pain in her upper arms. Notwithstanding her obvious suffering, the defendants refused to provide any remedial relief, such as front-cuffing Ms. King.

21. While plaintiff was imprisoned by the defendants, defendant Demarco

completed arrest paperwork in which, upon information and belief, he alleged that the narcotics were recovered by defendant Sardina inside the premises in such a manner as to suggest that the plaintiff constructively possessed these items.

22. Material portions of these allegations were not accurate and defendants knew them to be so at the time the allegations were made.

23. In fact, both defendants were well aware that the narcotics allegedly recovered were found in the a drawer in the bedroom belonging to plaintiff's adult son and that there was no reasonable basis to believe that plaintiff had actual or constructive knowledge of their existence, much less actual or constructive possession.

24. Demarco forwarded these false allegations to the Kings County District Attorney ("KCDA") or the New York City Criminal Court ("NYCCC") in order to justify the arrest and to persuade the KCDA or NYCCC to commence and/or continue the plaintiff's criminal prosecution.

25. Defendants Demarco, Sardina and Singh knew and understood that the KCDA and the NYCCC, in evaluating whether to commence a criminal prosecution against the plaintiff, were relying on the truthfulness of defendants' claims and statements, and that the KCDA and the NYCCC assumed that all of these factual statements and claims made by defendants Sardina, Demarco and Singh were truthful in all material respects.

26. Demarco, Sardina and Singh further knew and understood that they were obligated to provide any and all exculpatory information to the KCDA and the NYCCC and that they were expected to turn over to or otherwise provide the KCDA with

all material information concerning the plaintiff's arrest, regardless of whether it was inculpatory or exculpatory.

27. As a direct result of these allegations relayed by defendants to the KCDA and the NYCCC, plaintiff was charged with criminal possession of a controlled substance and unlawful possession of marijuana.

28. The plaintiff was produced in criminal court many hours after her arrest, at which time the Court dismissed all of the charges and the prosecution was terminated in her favor.

29. At no time did defendants have probable cause to seize, detain or arrest the plaintiff, nor was it reasonable for the defendants to believe that such cause existed.

30. Despite the absence of probable cause and lack of evidence of criminal conduct by the plaintiff, the defendants proceeded with plaintiff's arrest, and did so to increase the arrest statistics for their unit.

31. At no time did either of the defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore stated conduct engaged in by their fellow officers.

32. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

33. More precisely, under this policy or plan, officers within the Narcotics Division would secure warrants to search apartments, social clubs, and other locations, and,

5

if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges. The arresting officer(s) would then make false statements of fact as to seeing narcotics in plain view or otherwise in the possession of each of the persons arrested.

34. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

35. In addition, members of the Narcotics Division are evaluated, at least in part, on the basis of their "activity" which activity is measured by the number of arrests made, search warrants secured, and other, similar criteria. Thus, upon information and belief, members of the Narcotics Division routinely make arrests and engage in other police activity without sufficient legal cause and justification in order to raise their levels of "activity" and improve the perception of their job performance.

36. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged, or that there was insufficient evidence to justify the arrests, or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

37. That at all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

38. Plaintiff repeats the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

39. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

40. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful search of plaintiff's person and property, excessive force, and denial of a fair trial through the fabrication of evidence, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

41. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## SECOND CAUSE OF ACTION

42. Plaintiff repeats the allegations contained in paragraphs "1" through "40" above as though stated fully herein.

43. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he

described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

44. Notwithstanding its awareness of the Narcotic Division's pattern of making unlawful arrests and then falsifying their records and testimony to justify and cover up this conduct, the NYPD made no effort to curb, limit, or otherwise prevent this misconduct from continuing.

45. Thus, the City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

46. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of plaintiff's constitutional rights.

### THIRD CAUSE OF ACTION

47. Plaintiff repeats the allegations contained in paragraphs "1" through "45" above as though stated fully herein.

48. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, subjected to excessive force, false arrest and imprisonment, and the unlawful search of plaintiff's person and property.

49. The municipal defendant City of New York is therefore vicariously

liable to plaintiff for the excessive force, unlawful search, seizure, and false arrest and imprisonment of plaintiff by said municipalities' employees and agents under the doctrine of *respondeat superior*.

50. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

]

]

]

THE REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

]

]

]

10

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

    iii.    on the third cause of action, actual damages in an amount to be determined at trial;

    iv.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    v.    such other relief as the Court may deem just and proper.

Dated:    Brooklyn, New York
           April 17, 2014

                                    LUMER & NEVILLE
                                    Attorneys for Plaintiffs
                                    225 Broadway, Suite 2700
                                    New York, New York 10007
                                    (212) 566-5060

                                              /s/
                       By: _____
                            James Concemore Neville (JN-2128)